Jon V. Swenson (SBN 233054)
jon.swenson@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Road, Suite 200
Palo Alto, California 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

David B. Weaver, Esq.
david.weaver@bakerbotts.com
Christopher V. Ryan, Esq.
chris.ryan@bakerbotts.com
**BAKER BOTTS L.L.P.**
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701
Telephone: (512) 322-2500

Attorneys for Defendants
SanDisk LLC, Western Digital
Corporation and Western Digital
Technologies, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| MEMORY TECHNOLOGIES, LLC, a Nevada Company<br><br>Plaintiff,<br><br>v.<br><br>SANDISK LLC, a Delaware company, WESTERN DIGITAL CORPORATION, a Delaware company, WESTERN DIGITAL TECHNOLOGIES, INC., a Delaware company,<br><br>Defendants. | Case No. 8:16-cv-2163-JLS-DFM<br><br>**DEFENDANTS' *EX PARTE* APPLICATION AND MEMORANDUM FOR AN EXTENSION OF TIME TO ANSWER THE COMPLAINT**<br><br>Hearing Date: N/A<br>Hearing Time: N/A<br>Hon. Josephine L. Staton |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants SanDisk LLC, Western Digital Corporation, and Western Digital Technologies, Inc., (collectively, "Defendants") apply *ex parte* pursuant to Local Rule 7-19 for an extension of time to answer or otherwise respond to the complaint.

**Notice of Application**

I, Jon V. Swenson, have personal knowledge of the facts set forth below.

This application is made following a phone call with Plaintiff's counsel on January 20, 2017, during which counsel for Defendants informed Plaintiff's counsel that Defendants planned to file this Application on January 24, 2017.

On January 23, 2017 Plaintiff's counsel informed Defendants that Plaintiff did not oppose the requested extension if Defendants allowed Plaintiff at least 40 days to respond to the substantive motion to stay:

> "MTL will not oppose SanDisk's motion to extend its answer deadline until after the stay motion is ruled on provided that SanDisk agrees to notice a hearing date for any motion SanDisk files so as to permit MTL a comparable period of time to brief its opposition as SanDisk has been given to brief its motion, i.e., at least 40 days."

Exhibit A, January 23, 2017 11:17 a.m. email from Ms. Smith. Exhibit A is a true and correct copy of a set of email communications between counsel for Defendants and counsel for plaintiff.

Defendants' counsel agreed to the 40-day condition on January 24, 2017. *Id.*, 11:19 a.m. email from Mr. Swenson.

On January 24, 2017, Plaintiff's counsel reversed its position and indicated its opposition to the requested extension unless Defendants agreed to give up their rights to bring claims against MTL in any other forum but the ITC. *Id.*, January 24, 2017 2:36 p.m. email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 24, 2017

*/s/ Jon V. Swenson*
Jon V. Swenson
Attorney for Defendants
SANDISK LLC,
WESTERN DIGITAL CORPORATION, and
WESTERN DIGITAL TECHNOLOGIES, INC

# MEMORANDUM

Defendants apply *ex parte* pursuant to Local Rule 7-19 for an extension of time to answer or otherwise respond to the complaint. Defendants' response to the complaint is currently due January 27, 2017. Dkt. #25.

Plaintiff filed this action on December 6, 2016, accusing Defendants of infringing eight of Plaintiff's patents. On December 5, 2016, Plaintiff filed a complaint before the ITC accusing Defendants and three related foreign entities of infringing five of the patents asserted in this case.[1] 82 Fed. Reg. 3359. Plaintiff filed an amended complaint in the ITC on December 12, 2016. *Id.* On January 5, 2017, the ITC issued a Notice of Institution of Investigation (the "ITC Investigation") naming Defendants and three foreign entities as respondents. *Id.*

Due to the parallel ITC Investigation, Defendants will file on January 27, 2017,[2] a motion to stay the action in this Court. 28 U.S.C. 1659(a) requires staying this action as to the five patents before the ITC, and Defendants believe that judicial economy and conservation of party resources favors staying the case as to the three remaining patents as well.

Defendants' response to the complaint, which is currently due on January 27, 2017, will likely require the parties to engage in motion practice and take discovery to resolve defenses under FRCP 12. If granted, Defendants' motion to stay would obviate the need for the parties and Court to expend those resources. Thus, Defendants respectfully request the Court continue Defendants deadline to respond to the complaint until: (1) if Defendants' motion to stay is granted, one month after

---

[1] The patents in the ITC Investigation are U.S. Patent Nos. RE45,486; RE45,542; 9,063,850; 8,307,180; and 7,565,469. The three patents not before the ITC are U.S. Patent Nos. 7,275,186; 7,827,370; and 7,739,487.

[2] Counsel for Defendants conferred with Plaintiff's counsel on January 20, 2017, regarding Defendants' motion to stay. Thus, under Local Rule 7-3 the earliest Defendants can file its motion to stay is January 27, 2017.

Defendants' requested stay is lifted; or (2) if Defendants' motion to stay is denied, two weeks after this Court denies Defendants' motion to stay.

Defendants could not have sought the relief they request with a motion under the Local Rule's ordinary briefing schedule, as Defendants' answer is currently due January 27, 2017, well before a motion following the ordinary briefing schedule could have been heard.

Plaintiff's counsel confirmed in writing on January 23, 2017 that Plaintiff did not oppose the requested extension if Defendants allowed Plaintiff at least 40 days to respond to the substantive motion to stay Defendants plan on filing on January 27. Exhibit A, January 23, 2017 11:17 a.m. email from Ms. Smith.

Defendants' counsel agreed to the 40-day condition on January 24, 2017. *Id.,* 11:19 a.m. email from Mr. Swenson.

On January 24, 2017, Plaintiff's counsel reversed its position and indicated its opposition to the requested extension unless Defendants agreed to give up their rights to bring claims against Plaintiff in any other forum but the ITC. *Id.*, January 24, 2017 2:36 p.m. email.

Plaintiff's reversal of course is unwarranted and unrelated to the instant *ex parte* application and forthcoming motion to stay that Defendants' plan on filing on January 27. Plaintiff's proposal requires that Defendants agree not to pursue all claims against Plaintiff outside of the ITC, regardless of whether or not those claims are currently known to Defendants (Defendants have received no formal discovery responses from Plaintiff or third parties in this case or the ITC action) or whether they are related to any of the issues in the current litigation.

This new position, which directly contradicts Plaintiff's position from a day earlier, is unreasonable in light of the relief sought by the current *ex parte* application. The current request to extend the deadline for Defendants' to answer or otherwise respond to the complaint pending an anticipated motion to stay does not involve any other claims in this or other forums. Rather, it is focused on extending

the deadline to respond to the complaint until after this Court rules on Defendants' request to stay the case. Defendants' proposed extension makes sense and will conserve resources for all parties, including Plaintiff. Defendants respectfully request that the Court grant the relief requested in this *ex parte* application.

Dated: January 24, 2017

/s/ *Jon V. Swenson*
Jon V. Swenson
Attorney for Defendants
SANDISK LLC,
WESTERN DIGITAL CORPORATION, and
WESTERN DIGITAL TECHNOLOGIES, INC

Pursuant to L.R. 7-19, information for opposing counsel is provided below:

MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
AARON M. NATHAN (Bar No. 251316)
aaron.nathan@tensegritylawgroup.com
STEFANI C. SMITH (Bar No. 251305)
stefani.smith@tensegritylawgroup.com
ROBERT L. GERRITY (Bar No. 268084)
robert.gerrity@tensegritylawgroup.com
JONATHAN TAMIMI (Bar No. 305493)
jonathan.tamimi@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone: (650) 802-6000

Attorneys for Plaintiff
MEMORY TECHNOLOGIES, LLC,